UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE O'NEIL | CIVIL ACTION |
| VERSUS | NO. 23-4779 |
| SAGESURE INSURANCE MANAGERS, LLC | SECTION: "G"(5) |

### ORDER AND REASONS

Before the Court is Defendant SageSure Insurance Managers, LLC's ("SageSure") 12(b)(6) Motion to Dismiss.[1] SageSure argues that it should be dismissed as a Defendant in this case because it did not insure Plaintiff Bruce O'Neil ("Plaintiff").[2] SageSure also argues that Plaintiff should not be allowed to amend the Complaint to add the correct insurance company, Occidental Fire and Casualty Company of North Carolina ("Occidental") in this Hurricane Ida case because it would be futile, as the prescription period for Hurricane Ida claims has expired.[3] Plaintiff does not oppose the motion.[4] Having considered the motion, the record, and the applicable law, the Court grants SageSure's motion in part to the extent that Plaintiff's claims against SageSure are dismissed but the Court need not rule on the futility of Plaintiff potentially adding Occidental as a defendant.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 8-1 at 4–6.

[3] *Id.* at 6–9.

[4] SageSure filed the motion on October 24, 2023, and SageSure set the motion for submission on November 15, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on November 7, 2023.

1

## I. Background

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[5] Plaintiff filed a Complaint in this Court on August 29, 2023 against SageSure to recover damages related to his property at 6950 and 6952 Canal Boulevard, New Orleans, LA 70124 ("Property").[6] In the Complaint, Plaintiff alleges that Hurricane Ida caused "extensive damage" to the Property.[7] Plaintiff further alleges that SageSure was the issuer of an insurance policy, Number LAP4560696 ("Policy"), that covers the Property.[8] Plaintiff asserts a breach of contract claim and claims for violations of Louisiana Revised Statute 22:1892 and Louisiana Revised Statute 22:1973 as a result of SageSure's failure to timely pay insurance proceeds due under the Policy.[9]

## II. Law and Analysis

### A.    *Whether SageSure must be dismissed*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[12] The "[f]actual allegations must be enough to raise a right to relief above

---

[5] Rec. Doc. 1 at 2–5.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.* at 2.

[9] *Id.* at 5–7.

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

the speculative level."[13] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[14] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[15] Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[16] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[17] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[18] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[19]

The Court finds that Plaintiff fails to state a claim against SageSure as the Policy Plaintiff references in the Complaint does not name SageSure as an insurer.[20] Rather, the Policy only names Occidental Fire and Casualty Company of North Carolina as an insurer.[21] In addition, Plaintiff did not file a response opposing the instant motion or raise any argument as to why SageSure should

---

(internal quotation marks omitted).

[13] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[14] *Iqbal*, 556 U.S. at 678.

[15] *Id.*

[16] *Id.* at 677–78.

[17] *Id.* at 679.

[18] *Id.* at 678.

[19] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[20] Rec. Doc. 8-2.

[21] *Id.*

not be dismissed. Therefore, SageSure must be dismissed as a Defendant.

B.     *Whether Plaintiff is barred from amending the complaint to add Occidental*

SageSure also argues that Plaintiff should not be allowed to amend the Complaint to name the correct insurer, Occidental, because it would be "futile as Plaintiff's claims against Occidental have been prescribed and an Amended Complaint adding a new defendant … would not 'relate back' to the original lawsuit."[22] To be clear, Plaintiff has not sought to add Occidental as a defendant or otherwise sought leave of Court to amend the Complaint.[23] Further, Plaintiff does not oppose SageSure's instant motion. The Court need not address this issue at this time because the Court does not issue advisory opinions.

### III. Conclusion

Because SageSure is not the insurer that Plaintiff alleges issued his Policy in the Complaint and because Plaintiff does not oppose the motion to dismiss, Plaintiff's claims against SageSure must be dismissed.

Accordingly,

---

[22] *Id.* at 6.

[23] Plaintiff has not filed any motions or amended pleadings since he filed the Complaint on August 29, 2023.

**IT IS HEREBY ORDERED** that SageSure Insurance Managers, LLC's 12(b)(6) Motion to Dismiss [24] is **GRANTED** in part to the extent that Plaintiff Bruce O'Neil's claims against Defendant SageSure Insurance Managers, LLC are **DISMISSED WITH PREJUDICE.** The motion is **DISMISSED** in part to the extent that the Court declines to rule on the futility of Plaintiff potentially adding Occidental as a defendant.

**NEW ORLEANS, LOUISIANA**, this 11th day of December, 2023.

                                                               *Nannette Jolivette Brown*
                                                               **NANNETTE JOLIVETTE BROWN**
                                                               **CHIEF JUDGE**
                                                               **UNITED STATES DISTRICT COURT**

---

[24] Rec. Doc. 8.